IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-CV-393 |
| | ) | |
| GLADYS QUILES; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

The United States of America, complains and alleges as follows:

1.     Plaintiff, the United States, brings this action to permanently enjoin Gladys Quiles, any entity through which she conducts business, and all persons and entities in active concert or participation with Gladys Quiles from directly or indirectly:

(a)     Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents and forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

(b)     Owning, managing, assisting, or working at a business that prepares or assists in the preparation of tax returns, amended returns, or other tax-related documents and forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

(c)     Engaging in activity subject to penalty under 26 U.S.C. §§ 6694; 6695; and/or 6701; and

1

(d)   Engaging in conduct that substantially interferes with the proper

administration and enforcement of the tax laws.

## AUTHORIZATION

2.   This action is authorized and requested by the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is

commenced at the direction of the Attorney General of the United States.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C.

§§ 1340 and 1345.

4.   Venue is proper in this Court pursuant to 26 U.S.C. §§ 7407(a), 7408(a), and

28 U.S.C. § 1391, because the Defendant prepares tax returns within this judicial district

and a substantial part of the events giving rise to this claim occurred within this judicial

district.

## DEFENDANT

5.   Gladys Quiles lives in Orlando, Florida. She is also known by her married

name Gladys Godinez or Gladys Quiles Godinez.

6.   Quiles is an unenrolled return preparer. This means she does not have an

active Preparer Tax Identification Number ("PTIN") from the IRS. Quiles obtained a PTIN

on November 1, 2010. It expired on January 2, 2015, and Quiles did not renew it. Quiles

does not have an Electronic Filing Identification Number ("EFIN"), which the IRS requires

for any business that electronically files 11 or more tax returns during a calendar year.

7.   Quiles operates her business as a "ghost preparer." She does not sign the tax

returns she prepares and does not identify herself in any way on the returns, let alone with a

PTIN or EFIN.

8.      Quiles does not use professional tax preparation software. She uses the free or personal online versions of Turbotax and files returns as if her customers were doing so themselves.

## DEFENDANT'S RETURN PREPARER ACTIVITIES

9.      Quiles is tax return preparer as defined by 26 U.S.C. § 7701(a)(36). She has prepared other people's Forms 1040 (U.S. Individual Income Tax Return) for compensation at least between 2010 and the present.

10.     Quiles prepares tax returns that purposefully understate the tax her customers owe or overstate the refunds they are entitled to claim.

11.     Quiles's reports fabricated information that her customers did not provide to her on the tax returns that she prepares. Examples of instances where Quiles fabricated information in order to understate her customers' taxable income, and therefore their tax liability, or overstated the refunds to which her customers were entitled are included below. To protect her customers' identities, a number, e.g., C1, C2, etc., identifies them below.

## False Schedule A Deductions

12.     One of the schemes Quiles uses to understate her customers' tax liabilities is to overstate or fabricate itemized deductions claimed on Schedule A—Itemized Deductions filed with the tax return. To do so, Quiles prepared Forms 2106, Unreimbursed Employee Business Expenses, attached to Schedule A of the tax returns that claimed fabricated employee business expenses her customers did not incur.

13.     Schedule A deductions are claimed in lieu of the standard deduction taxpayers may claim. By claiming Schedule A deductions for falsified or fictitious expenses, Quiles fraudulently decreases the amount of her customers' taxable income reported on their tax returns.

14.     For example, Quiles prepared tax returns for C1 that reported fabricated business expenses of $33,745 for 2015 and $41,017 for 2016. C1 did not incur these expenses and did not tell Quiles that she did. The fictitious expenses offset 64% of the wages C1 earned for 2015 and 78% of the wages C1 earned for 2016. The result was that Quiles understated C1's tax for those years by over $8,000.

### Fabricated Schedule C Business Income and Expenses

15.     Individual taxpayers who operate a business as a sole proprietorship must report the business's income and expenses on a Schedule C (Profit or Loss from Business – Sole Proprietorship) that is filed as part of the taxpayer's Form 1040. The net figure reported on a Schedule C, whether a profit or a loss, is a component of the taxpayer's adjusted gross income ("AGI").

16.     Quiles understates her customers' AGI by fabricating or inflating losses claimed on a Schedule C filed with the returns. Often, Quiles will include a Schedule C on returns for customers she knows do not own or operate a business. This fraudulently reduces the amount of taxable income the customers report and thus the amount of tax that they report they owe. The reduction in tax also leads to bogus refund claims.

17.     To illustrate, C2–C5 are all wage earners who did not own businesses or tell Quiles that they did. Despite that fact, Quiles prepared tax returns for them that included a Schedule C. These customers did not provide the information included on the Schedule C and did not know that Quiles claimed a business loss on their return.

     a.     C2 is a warehouse clerk. Quiles prepared fabricated Schedules C that reported a nonexistent consulting business C2, resulting in fictitious losses described below.

| Customer | Tax Year | Reported Gross Receipts | Reported Loss | Losses as a % of C2's Wages |
|---|---|---|---|---|
| C2 | 2015 | $0 | $37,328 | 76% |
| | 2016 | $800 | $30,836 | 79% |
| | 2017 | $600 | $35,609 | 81% |

      b.      C3 is an electrician who works for an electrical company and is paid wages reported on a W-2. In 2015, Quiles amended C3's 2013 and 2014 returns and included Schedules C that reported fabricated expenses from a non-existent electrical business, resulting in fictitious losses described below.

| Customer | Tax Year | Reported Gross Receipts | Reported Loss | Losses as a % of C3's Wages |
|---|---|---|---|---|
| C3 | 2013 | $1,000 | $67,150 | 87% |
| | 2014 | $2,000 | $68,078 | 85% |

      c.      C4 is a wage earner and his wife does not work. Quiles prepared 2015 and 2016 tax returns that included Schedules C reporting a non-existent real estate business, resulting in fictitious losses described below.

| Customer | Tax Year | Reported Gross Receipts | Reported Loss | Losses as a % of C4's Wages |
|---|---|---|---|---|
| C4 | 2015 | $0 | $35,387 | 59% |
| | 2016 | $2,000 | $48,383 | 77% |

      d.      C5 is a wage earner. Quiles prepared 2015 and 2016 tax returns that included Schedules C reporting a non-existent service technician business, resulting in fictitious losses described below.

| Customer | Tax Year | Reported Gross Receipts | Reported Loss | Losses as a % of C5's Wages |
|---|---|---|---|---|
| C5 | 2015 | $0 | $48,268 | 72% |
| | 2016 | $0 | $69,402 | 91% |

18.     By fabricating losses on the returns described above for C2–C5, Quiles understated her customers' taxable income and, as a consequence, underreported her customers' tax liabilities by $73,000 just for this small sample.

**Earned Income Tax Credit Fraud**

19.     Quiles used the fictitious figures she reported on her customers' Schedules C to support bogus Earned Income Tax Credit ("EITC") claims.

20.     The EITC is a refundable tax credit available to taxpayers who earn income below certain levels. The amount of the credit is based on the taxpayer's income, claimed number of dependents, and filing status. Because the EITC is a refundable credit, in certain circumstances it can entitle a taxpayer to a refund greater than the amount of tax paid or a payment from the U.S. Treasury even if no tax is reported.

21.     Due to the method used to calculate the EITC, an individual can claim a larger EITC by claiming multiple dependents and, for certain income ranges, individuals with higher earned income are entitled to a larger credit than those with lower earned income. To illustrate, the EITC for individuals who filed as single, head of household, or qualifying widower for 2017 increased as income increased between $1 and $14,050 and decreased as income increased beyond $18,350. For individuals with married filing jointly status, the amount of the credit increased as income increased between $1 and $14,050 and decreased as income increased beyond $23,950. For 2017, the maximum EITC was $6,318 and was available to eligible individuals who earned between $14,000 and $23,950 and had three dependent children. Some tax preparers who manipulate reported income to maximize EITC refer to this range of earned income corresponding to a maximum EITC as the "sweet spot" or "golden range."

22. By claiming fictitious losses to offset her customers' actual income, Quiles's made it appear that her customers were entitled to the EITC when they were not.

23. The Schedule C losses Quiles fabricated for C2, C3, C4, and C5, described in paragraph 15, reduced the amount of income those customers reported and made it appear that they qualified for an EITC when they did not. The amounts of those credits are in the table below.

| Customer | Tax Year | Amount of EITC Claimed |
|---|---|---|
| C2 | 2015 | $503 |
| | 2016 | $506 |
| | 2017 | $510 |
| | | |
| C3 | 2013 | $3,250 |
| | 2014 | $3,305 |
| | | |
| C4 | 2015 | $3,359 |
| | 2016 | $3,373 |
| | | |
| C5 | 2016 | $506 |

24. In every case described in paragraph 23, Quiles fraudulently claimed the maximum EITC available for her customers' respective filing statuses and number of qualifying children.

25. In actuality, none of the customers described in paragraph 23 qualified for any EITC.

**Quiles Masks Her Involvement in These Schemes.**

26. Section 6109 of the Internal Revenue Code requires return preparers to identify themselves on the returns they prepare for customers by including their PTIN on the return. The IRS refers to return preparers that do not identify themselves as "ghost preparers."

27.     Under 26 U.S.C. § 6695, the IRS can assess penalties against return preparers who do not comply with the requirements of 26 U.S.C. § 6109. In addition, a court can enjoin a return preparer who continually engages in conduct subject to penalty under § 6695 from preparing returns for others. See 26 U.S.C. § 7407.

28.     While Quiles had an active PTIN between November 1, 2010, and January 2015, she failed to sign or identify herself as the preparer on tax returns she prepared for customers. When Quiles continued to disregard those requirements, even after IRS personnel explained the rules to her, the IRS assessed $8,900 in penalties against her in accordance with 26 U.S.C. § 6695.

29.     Despite warnings and penalties, Quiles continues to ghost file the tax returns she prepares for her customers. She no longer has a valid PTIN and does not sign or include any information identifying her as the person who prepared her customers returns.

30.     Because Quiles operates as a ghost preparer, it is extremely difficult for the IRS to identify and detect her illicit tax preparation activities. Once detected, it is difficult to quantify exactly how many tax returns Quiles prepared and filed for her customers.

## HARM TO THE UNITED STATES

31.     Quiles's preparation of tax returns making incompetent, negligent, reckless, and fraudulent claims harms the United States Treasury. These practices harm the public because Quiles prepares false or fraudulent tax returns that understate her customers' correct income tax liabilities and illegally cause customers to incorrectly report their federal tax liabilities and underpay their taxes.

32.     Quiles's return preparation practices harm the United States Treasury by causing lost tax revenue.

33.     Quiles harms her customers by charging fees for the preparation of accurate tax returns but instead she prepares tax returns with fabricated or exaggerated items that understate her customers' tax liabilities and claim refunds to which the customers are not entitled. In doing so, Quiles causes her customers to incorrectly report their federal tax liabilities and underpay their taxes.

34.     Quiles's unlawful practices further harm the United States because the IRS must devote its resources to investigating her activities. The IRS expends time and resource to ascertain her customers' correct tax liabilities, recover any refunds erroneously issued, and collect any additional taxes and penalties. Consequently, and in no small part due to Quiles's ghost preparation of tax returns, identifying and recovering all lost tax revenues resulting from Quiles's activities may be impossible.

35.     Quiles's illegal conduct also harms honest tax return preparers because, by preparing tax returns that unlawfully inflate their customers' refunds, Quiles gains a competitive advantage over tax return preparers who prepare returns in accordance with the law. Customers who are satisfied with the tax refunds they receive but are often unaware of Quiles's illegal return preparation practices return to Quiles for subsequent tax seasons.

36.     Quiles's pattern of ghost filing returns makes it difficult for the IRS to investigate Quiles's activity and impossible to determine the exact number of returns or the extent of the harm to the United States. The limited number of returns prepared by Quiles described in this complaint resulted in over $80,000 in underreported tax. Given the number of returns Quiles prepares each year, the figure is likely far higher

37.     In addition to the direct harm caused by preparing tax returns that understate customers' tax liabilities and/or overstate their refunds, Quiles's activities undermine

confidence in the federal tax system. Quiles's activities also encourage noncompliance with the internal revenue laws by failing to confirm with her customers that their returns honestly and accurately reflected the information they provided. Similarly, Quiles's fraudulent use of the EITC undermines public confidence in a statutory credit meant to encourage low-income workers with young children to maintain employment.

**COUNT I:   INJUNCTION UNDER 26 U.S.C. § 7407 FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. §§ 6694 AND 6695**

38.    The United States incorporate by reference the allegations in paragraphs 1 through 37.

39.    Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a person who is a tax return preparer from engaging in certain conduct or from further acting as a tax return preparer. The prohibited conduct justifying an injunction includes, the following:

(a)    Engaging in conduct subject to penalty under 26 U.S.C. § 6694(a), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to an unreasonable position that the preparer knew or should have known was unreasonable;

(b)    Engaging in conduct subject to penalty under 26 U.S.C. § 6694(b), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to willful or reckless conduct;

(c)    Engaging in conduct subject to penalty under 26 U.S.C. § 6695(b), which penalizes a tax return preparer who fails to sign a return;

(d)     Engaging in conduct subject to penalty under 26 U.S.C. § 6695(c), which penalizes a tax return preparer who fails to furnish their identifying number as required under 26 U.S.C. § 6109(a).

(d)     Engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

40.     In order for a court to issue such an injunction, the court must find that:

(a)     The tax return preparer engaged in the prohibited conduct; and

(b)     Injunctive relief is appropriate to prevent the recurrence of such conduct.

41.     If a tax return preparer's conduct is continual or repeated and the court finds that a narrower injunction would not be sufficient to prevent the preparer's interference with the proper administration of the internal revenue laws, the court may permanently enjoin the person from acting as a tax return preparer. *See* 26 U.S.C. § 7407(b).

42.     Quiles continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by preparing returns that understate her customers' tax liabilities and overstate their refunds. As described above, Quiles has prepared returns that claim deductions for expenses that were not incurred by the taxpayers and EITCs to which the taxpayers are not entitled. Quiles did so with the knowledge that the positions taken on the returns were unreasonable and lacked substantial authority. Quiles has thus engaged in conduct subject to penalty under 26 U.S.C. § 6694(a).

43.    Additionally, Quiles has engaged in conduct subject to penalty under 26 U.S.C. § 6694(b) by willfully understating their customers' liabilities and acting with a reckless and intentional disregard of rules and regulations.

44.    Quiles has engaged in conduct subject to penalty under 26 U.S.C. § 6695(b) by repeatedly filing tax returns she did not sign.

45.    Quiles has also engaged in conduct subject to penalty under 26 U.S.C. § 6695(c) by repeatedly filing tax returns with no identifying numbers.

46.    A narrower injunction would be insufficient to prevent Quiles's interference with the administration of the internal revenue laws. Despite the assessment of penalties, Quiles prepares and ghost files returns that understate her customers' liabilities through multiple schemes that report false information on her customers' tax returns. Because she operates as a ghost preparer, it is highly unlikely the IRS has—or can—identify all of the returns or schemes Quiles uses to understate liabilities. At this point, only a complete ban on preparing returns for others will prevent Quiles from engaging in proscribed conduct.

47.    Indeed, Quiles continues to commit these violations after the IRS assessed penalties against her for the conduct. Failure to permanently enjoin Quiles will require the IRS to spend additional resources to uncover all of her future schemes. The harm resulting from these schemes includes both the expenditure of these resources and the revenue loss caused by the improper deductions and credits Quiles claims on the ghost filed returns she prepares. Accordingly, only a permanent injunction is sufficient to prevent future harm. Quiles should be permanently enjoined from acting as a tax return preparer or owning, operating, advising, or working in a business involved in tax preparation.

## COUNT II: INJUNCTION UNDER 26 U.S.C. § 7408 FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. § 6701

48.    The United States incorporates by reference the allegations contained in paragraphs 1 through 37.

49.    Section 7408 of the Internal Revenue Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6701, which penalizes a person who aids or assists in the preparation of tax returns that the person knows will result in an understatement of tax liability.

50.    Quiles has engaged in conduct subject to penalty under 26 U.S.C. § 6701 by preparing income tax returns that claim credits and deductions that she knew to be improper, false, and/or inflated.

51.    Quiles's repeated actions fall within 26 U.S.C. § 7408, and injunctive relief is appropriate to prevent a recurrence of this conduct.

## COUNT III: INJUNCTION UNDER 26 U.S.C. § 7402 FOR UNLAWFUL INTERFERENCE WITH THE ENFORCEMENT OF INTERNAL REVENUE LAWS

52.    The United States incorporates by reference the allegations contained in paragraphs 1 through 37.

53.    Section 7402(a) of the Internal Revenue Code authorizes a court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

54.    Quiles has repeatedly and continually engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

55.    If Quiles continues to act as tax return preparer, her conduct will result in irreparable harm to the United States, and the United States has no adequate remedy at law.

56.     Quiles's conduct has caused and will continue to cause substantial tax losses to the United States Treasury, much of which may be undiscovered and unrecoverable. Moreover, unless Quiles is enjoined from preparing returns, the IRS will have to devote substantial and unrecoverable time and resources identifying and auditing her customers individually to detect understated liabilities and overstated refund claims.

57.     The detection and audit of erroneous tax credits and deductions claimed on returns prepared by Quiles would be a significant burden on IRS resources.

## RELIEF REQUESTED

Plaintiff, the United States of America, respectfully prays for the following:

A.     That the Court find that Gladys Quiles has repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct;

B.     That the Court find that Gladys Quiles has repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6701 and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct;

C.     That the Court find that Gladys Quiles has repeatedly and continually engaged in conduct that substantially interferes with the proper enforcement and administration of the internal revenue laws and that injunctive relief is appropriate under 26 U.S.C. § 7402(a) to prevent recurrence of that conduct;

D.     That the Court enter a permanent injunction prohibiting Gladys Quiles, any entity through which she conducts business, and all persons and entities in active concert or participation with Gladys Quiles from directly or indirectly:

(1)    Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

(2)    Transferring, selling, or assigning their customer lists and/or other customer information;

(3)    Engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or 6701;

(4)    Engaging in conduct that substantially interferes with the proper administration and enforcement of the tax laws.

E.    That the Court enter an injunction requiring Gladys Quiles at her own expense:

(1)    To send by email or certified mail, return receipt requested, a copy of the final injunction entered against her in this action, as well as a copy of the Complaint setting forth the allegations as to how Gladys Quiles negligently, recklessly, or fraudulently prepared federal income tax returns, to each person for whom she prepared federal income tax returns or any other federal tax forms after January 1, 2018;

(2)    To turn over to the United States copies of all returns and claims for refund that Gladys Quiles prepared after January 1, 2018;

(3)    To provide the United States a list of the names, social security numbers, addresses, phone numbers, and email addresses of each person she prepared tax returns or claims for refund for after January 1, 2018;

(4)     To post for one year, on all social media accounts and websites used to advertise her tax preparation services, a statement that she has been enjoined from the preparation of tax returns and a hyperlink to any press release regarding the injunction that the Department of Justice may issue;

(5)     To file a sworn statement with the Court evidencing Gladys Quiles's compliance with the foregoing directives within forty-five (45) days of entry of the final injunction in this action; and

(6)     To keep records of Gladys Quiles's compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States pursuant to paragraph F, infra;

F.     That the Court enter an order allowing the United States to monitor Gladys Quiles's compliance with the injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure; and

H.     That the Court grant the United States such other and further relief as the Court deems appropriate.

Dated:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:
*/s/ John P. Nasta*
JOHN P. NASTA
Florida Bar #1004432                           Of Counsel
Trial Attorney, Tax Division
U.S. Department of Justice                     MARIA CHAPA LOPEZ
Post Office Box 14198                          UNITED STATES ATTORNEY
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
john.nasta@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | GLADYS QUILES |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   ORANGE |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| John P. Nasta, Jr.  US DOJ-Tax Division<br>555 4th Street NW, Washington, DC 20044<br>202-307-6560 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
      Plaintiff

☐ 2   U.S. Government
      Defendant

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY** | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
      Proceeding

☐ 2   Removed from
      State Court

☐ 3   Remanded from
      Appellate Court

☐ 4   Reinstated or
      Reopened

☐ 5   Transferred from
      Another District
      *(specify)*

☐ 6   Multidistrict
      Litigation -
      Transfer

☐ 8   Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7407 and 7408
Brief description of cause:
Suit to permanently enjoin tax return preparer.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                              DOCKET NUMBER

DATE
02/28/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| Gladys Quiles | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.   6:19-CV-393

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Gladys Quiles
9453 Dugard Court
Orlando, FL 32832

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John P. Nasta, Jr.
Trial Attorney
U.S. Department of Justice
Tax Division, Civil Trial Section-Southern Region
P.O. Box 14198
Washington, DC 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  6:19-CV-393

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc: