UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

                         Plaintiff,

v.                                                    Case No. 6:19-cv-393-Orl-41GJK

GLADYS QUILES,

                         Defendant.
_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 12) |
| FILED: | July 8, 2019 |
| THEREON it is RECOMMENDED that the MOTION be GRANTED. | |

I.      BACKGROUND.

On February 28, 2019, the United States of America (the "Government") filed a Complaint against Defendant Gladys Quiles ("Quiles") seeking to permanently enjoin Quiles from the following:

> (1) Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

(2) Transferring, selling, or assigning their customer lists and/or other customer information;

(3) Engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or 6701;

(4) Engaging in conduct that substantially interferes with the proper administration and enforcement of the tax laws.

Doc. No. 1 at 15. The Government also asks that the Court order Quiles:

(1) To send by email or certified mail, return receipt requested, a copy of the final injunction entered against her in this action, as well as a copy of the Complaint setting forth the allegations as to how Gladys Quiles negligently, recklessly, or fraudulently prepared federal income tax returns to each person for whom she prepared federal income tax returns or any other federal tax forms after January 1, 2018;

(2) To turn over to the United States copies of all returns and claims for refund that Gladys Quiles prepared after January 1, 2018;

(3) To provide the United States a list of the names, social security numbers, addresses, phone numbers, and email addresses of each person she prepared tax returns or claims for refund for after January 1, 2018;

(4) To post for one year, on all social media accounts and websites used to advertise her tax preparation services, a statement that she has been enjoined from the preparation of tax returns and a hyperlink to any press release regarding the injunction that the Department of Justice may issue;

(5) To file a sworn statement with the Court evidencing Gladys Quiles's compliance with the foregoing directives within forty-five (45) days of entry of the final injunction in this action; and

(6) To keep records of Gladys Quiles's compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States pursuant to paragraph F, infra; [and]

F. That the Court enter an order allowing the United States to monitor Gladys Quiles's compliance with the injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure.

*Id*. at 16. On March 11, 2019, Quiles was properly served in Orlando, Florida. Doc. No. 9. Quiles failed to plead or otherwise defend this action. On April 22, 2019, the Clerk entered default against Quiles pursuant to Federal Rule of Civil Procedure 55(a). Doc. No. 11.

On July 8, 2019, the Government filed a motion for default judgment against Quiles. Doc. No. 12 (the "Motion") seeking a permanent injunction against Quiles. The Motion was served upon Quiles by first class U.S. mail. Doc. No. 12 at 13. Quiles did not file a response to the Motion.

The Government alleges that Quiles is a "ghost preparer." Doc. No. 1 at 2. Quiles is an unenrolled return preparer, who no longer has an active Preparer Tax Identification Number ("PTIN")[1], but who continues to prepare returns for clients using free or personal online versions of Turbotax as if her clients were doing so themselves. Doc. No. 1 at 2-3. The Government alleges that Quiles prepares returns that purposefully understate the taxes her clients owe or overstate the refunds they are entitled to claim. Doc. No. 1 at 3. Quiles does this by reporting fabricated information not provided by her clients including unreimbursed business expenses clients did not incur, inflating or fabricating losses on Schedule C forms, and using a Schedule C when the client did not own a business. Doc. No. 1 at 3-5. Quiles also used fictitious figures to increase clients' earned income tax credit ("EITC"). Doc. No. 1 at 6.

The Government alleges that Quiles concealed her role in the preparation of these returns. *Id*. at 8. Quiles failed to sign returns or identify herself as the preparer when she possessed an active PTIN and continued to fail to do so after her PTIN expired. *Id*. Despite warnings and

---

[1] Quiles allegedly possessed a PTIN from November 1, 2010 to January 2, 2015. Doc. No. 1 at 2.

penalties levied by the Government, Quiles continues to ghost file tax returns for her clients.[2] *Id.*

The Government alleges that Quiles caused harm to the Government, her customers, legitimate tax return preparers, and the public. *Id.* at 8-10. The Government contends that it is harmed by the lost tax revenue and having to devote limited resources to detecting Quiles's false claims and collecting the lost tax revenue. *Id.* at 8-9. Quiles's customers are harmed because she charges fees for the preparation of accurate returns but instead prepares fabricated or exaggerated returns that cause her clients to incorrectly report their tax liabilities and underpay their taxes. *Id.* at 9. Legitimate tax return preparers are harmed because they are losing business due to Quiles's competitive advantage over preparers who comply with the law. *Id.* at 9. Finally, public confidence in the federal tax system and the EITC is undermined by Quiles's fraudulent activities. *Id.* at 9-10. Based on the allegations set forth above, the Government maintains that it is entitled to a permanent injunction pursuant to 26 U.S.C. §§ 7402, 7407, 7408, for conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701. *Id.* at 10-14.

The Government requests a default judgment against Quiles. Doc. No. 12 at 1. Furthermore, the Government requests that the Court find that Quiles continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701, and that, pursuant to 26 U.S.C. §§ 7402(a), 7407 and 7408, a narrower injunction prohibiting such conduct would not be sufficient to prevent Quiles's interference with the proper administration of the tax laws and that Quiles should be permanently enjoined from acting as a tax return preparer. Doc. No. 12 at 4, 10. The Government argues that it is entitled to an injunction under 26 U.S.C. § 7408 because Quiles engaged in conduct subject to a penalty under 26 U.S.C. § 6701, including preparing false

---

[2] The IRS previously assessed $8,900 in penalties against Quiles after warning her that her conduct was illegal. Doc. No. 1 at 8.

Forms Schedules A and C and fabricating information to obtain EITC refunds when none were due. Doc. No. 12 at 4-5.

## II.    THE LAW.

### A.    Default Judgment.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the clerk enters a default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the plaintiff must move for a default judgment. Fed. R. Civ. P. 55(b). Before entering a default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

### B.   26 U.S.C. § 7407.

The Government argues that it is entitled to injunctive relief pursuant to 26 U.S.C. § 7407 because Quiles engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, and the facts of this case establish that an injunction enjoining Quiles from acting as a tax return preparer is necessary to prevent her continued interference with the proper administration of the internal revenue laws. Doc. No. 12 at 3-4. Section 7407(b)(1)(A) provides that the Court may enjoin a tax return preparer from further engaging in such conduct if the Court finds that the preparer "engaged in any conduct subject to penalty under section 6694 or 6695 . . . ." Section 7407 further provides that "[i]f the court finds that a tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as a tax return preparer." 26 U.S.C. § 7407(b)(2).

Section 6694(a) penalizes a tax return preparer who submits a return or claim for refund that contains an understatement of tax liability due a to a position which is unrealistic on the merits and the tax return preparer knew or should have known the position was unrealistic. 26 U.S.C. § 6694(a). Section 6694(b) penalizes a tax return preparer who submits a return or claim for a refund that contains a willful or reckless understatement of tax liability. 26 U.S.C. § 6694(b).

### C.   26 U.S.C. § 7408.

The Government argues that it is entitled to injunctive relief pursuant to 26 U.S.C. § 7408

because Quiles engaged in conduct subjecting her to a penalty under 26 U.S.C. § 6701 and injunctive relief is appropriate to prevent the conduct from recurring. Doc. No. 12 at 4-6. Section 7408 provides that the Court may enjoin people from further engaging in conduct subjecting them to a penalty under § 6701 if "injunctive relief is appropriate to prevent recurrence of such conduct . . . ."

> Section 6701(a) imposes penalties on any person:
>
> > (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,
> > (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and
> > (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person . . . .

Thus, a tax return preparer must not assist in preparing a tax return knowing that information in the return results in understating the taxes owed. 26 U.S.C. § 6701(a).

### D.   26 U.S.C. § 7402.

The Government maintains that it is also entitled to a permanent injunction pursuant to 26 U.S.C. § 7402. Section 7402(a) provides:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

The Government maintains that without a permanent injunction preventing Quiles from continuing to prepare tax returns, it will continue to suffer irreparable harm, it has no adequate legal remedy,

the injuries to it and Quiles's customers outweigh any harm to Quiles caused by an injunction, and the public interest would be served by a permanent injunction. Doc. No. 12 at 6-9. To be entitled to a permanent injunction, a plaintiff must demonstrate:

> (1) That it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006). Thus, the Government argues it has demonstrated each of the foregoing requirements and is entitled to a permanent injunction enjoining Defendants from engaging in or offering to engage in tax return preparation.

## III.    APPLICATION.

Having reviewed the Complaint, the Motion, and the documents attached thereto, and in the absence of an answer or intent to defend on the part of Quiles, it is recommended that the Court find the Government's allegations of fact are well-pled. It is further recommended that the Court find that the Government has demonstrated that it will suffer an irreparable harm if a permanent injunction is not issued, monetary damages are inadequate to compensate the Government for the continuing harm, the balance of equities weighs in favor of issuing a permanent injunction, and the public's interest will not be disserved by issuance of the injunction.

## IV.    CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 12); and

2) Enter a permanent injunction against Quiles, in a form approved by the Court; and

3) Direct the Clerk to close this case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on July 29, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties